**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RANDY JAMES GEREN,<br><br>    Plaintiff-Appellant,<br><br> v.<br><br>R. FISHER, Warden, V.S.P.; et al.,<br><br>    Defendants-Appellees. | No. 21-15036<br><br>D.C. No. 1:19-cv-01662-DAD-SAB<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Eastern District of California
Dale A. Drozd, District Judge, Presiding

Submitted December 14, 2021**

Before: WALLACE, CLIFTON, and HURWITZ, Circuit Judges.

 California state prisoner Randy James Geren appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging deliberate indifference to his serious medical needs. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under 28 U.S.C. § 1915A for failure to

---

 * This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

 ** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

state a claim. *Wilhelm v. Rotman*, 680 F.3d 1113, 1118 (9th Cir. 2012). We affirm.

The district court properly dismissed Green's deliberate indifference claim because Green failed to allege facts sufficient to show that defendants were deliberately indifferent to his allergic reaction or that he suffered significant injury due to any delay in receiving treatment. *See Hebbe v. Piller*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are liberally construed, a plaintiff must allege facts sufficient to state a plausible claim); *Toguchi v. Chung*, 391 F.3d 1051, 1057-60 (9th Cir. 2004) (a prison official is deliberately indifferent only if he or she knows of and disregards an excessive risk to the prisoner's health; medical malpractice, negligence, or a difference of opinion concerning the course of treatment does not amount to deliberate indifference); *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002) (for delay of treatment to constitute deliberate indifference, prisoner must allege that it led to significant injury).

The district court properly dismissed Geren's claim under California Government Code § 845.6 because Geren failed to allege facts sufficient to show that defendants failed to summon medical care in response to a need for immediate medical care. *See* Cal. Gov't Code § 845.6 (a public employee is liable "if the employee knows or has reason to know that the prisoner is in need of immediate medical care and he fails to take reasonable action to summon such medical care");

2                                                              21-15036

*Castaneda v. Dep't of Corr. & Rehab.*, 151 Cal. Rptr. 3d 648, 666 (Ct. App. 2013) (state actors are only required to summon medical care in response "to serious and obvious medical conditions requiring immediate care" under § 845.6 (citation omitted)).

Geren's requests for judicial notice, set forth in the opening brief, are denied as unnecessary.

**AFFIRMED.**